Kunkle, J.
This is an action in which plaintiffs in error seek to set aside the last will and testament of Clara J. Mills.
An issue was made up in the court of common pleas, and the grounds relied upon for setting aside such will were mental incapácity and undue influence.
The trial resulted in sustaining the will by the concurrence of nine members of the jury.
Motion for a new trial was overruled, and judgment rendered on the verdict.
Error is prosecuted to this court from such judgment.
Various grounds of error are assigned.
We have read the record in this case and have carefully considered the authorities cited in the very helpful and exhaustive briefs which have been filed by counsel.
We shall not attempt to quote from the record in detail, nor to discuss the various authorities relied upon by counsel, but will merely announce the conclusions at which we have arrived after a careful examination of the record and such authorities.
*200 Plaintiffs in error claim that C. S. Olinger, who was the attorney for the testatrix, and a subscribing witness to the will, should not have been permitted to testify concerning certain declarations of the testatrix made to him at and near the time of the execution of the will.
Upon this question we find there is some conflict of authority, but we think the weight of authority and the better reasoning upon this subject support the ruling of the lower court. 23 Am. & Eng. Ency. Law (2 ed.), 79; Thompson on Wills, Section 127.; Page oh Wills, Section 365, and various other authorities cited by counsel.
The privilege conferred by Section 11494, General Code, is solely for the benefit of the client, and may be waived by the client.
We think when a testator procures his attorney as a subscribing witness to his will, he thereby expressly consents that such attorney may testify as fully as any other subscribing witness, and thereby waives the exemption of Section 11494, General Code.
The testator knows that his will is not to- take effect .until his death, and when he instructs his attorney to prepare a will along certain lines, and requests him to sign the same as a witness, it is presumed that he expects the attorney to testify generally as a witness in establishing such will.
The testator’s request of the attorney to act as a witness is equivalent to his calling him as a witness for the purpose of establishing the instrument so witnessed as a valid will.
It is also urged with much force that the trial court erred in refusing to permit plaintiffs in error *201 to prove certain declarations alleged to have been made by Dr. R. B. House shortly after the execution of the will. Dr. House was one of the subscribing witnesses to the will. He testified at the time the will was probated, but died before the trial in the lower court.
The rule is well established that the testimony of a witness cannot be impeached by showing contradictory statements, unless the attention of the witness is first called to such alleged statements and the opportunity afforded him of either admitting, denying or explaining the same.
This rule is not changed by the subsequent death of the witness. Runyan v. Price et al., 15 Ohio St., 1.
It is claimed however by counsel for plaintiffs in error, as to the witness Mrs. Everhardt, that the alleged statements of Dr. House were made immediately after coming out of the room in which the testatrix executed her will and that such statements of Dr. House, one of the subscribing witnesses to the will, constituted part of the res gestae.
The res gestae consisted of the execution of the will in question, and that was accomplished before Dr. House left the room in which the will was executed.
We do not know just how long the will had been executed before the doctor left the room, but, in any event, we are of opinion that Dr. House’s alleged declarations to Mrs. Everhardt did not form any part of the res gestae.
It is claimed that the trial court erred in excluding, in chief, the testimony of Mrs. Jauck and *202 others as to certain, declarations alleged to have been made by Mr. Olinger, who drew the will.
Substantially all of this testimony was admitted in rebuttal and we are of opinion that the trial court properly excluded the same as testimony in chief.
It is further claimed that the trial court abused its discretion in various respects; such as in interrupting certain witnesses, in conducting the examination of certain witnesses to an unwarranted extent, and also in absenting himself from the bench during a considerable portion of the trial.
Before we could reverse the judgment in this case upon any of the above grounds, we would be required to find that the court had clearly abused its discretion in one or more of such respects and had thereby prejudiced plaintiffs in error in the proper presentation of their case.
We concede that even in the trial of a civil case the parties are entitled to the presence of the trial judge during the trial, and that it might be embarrassing to counsel to object to the court’s absence from the court room, yet in order to predicate reversible error in the trial of a civil suit upon the absence from the court room of the trial court during a portion of the trial it should appear that objection was made to such absence, or that the absence of the trial judge clearly prejudiced the rights of plaintiff in error. ,
We also concede that the trial court should not unduly interfere with the examination of witnesses to the prejudice of either party, yet the trial court has a right to guide the trial, and, if necessary, develop the facts requisite to a fair presentation of the case.
*203 From a careful examination of the record we would not feel warranted in finding that the trial court clearly exceeded its authority in any of the above respects and to the extent of preventing plaintiffs in error from having a fair trial.
Exception is also taken to the admission and rejection of certain testimony.
We have considered all the objections of this nature complained of in the briefs of counsel for plaintiffs in error. In some of these instances the substance of the testimony either had already been or was subsequently admitted; in other instances the questions were not proper in form; and, in still other instances, the evidence sought to be introduced was incompetent.
We find no error in these respects which we consider prejudicial to plaintiffs in error.
It is further claimed by counsel for plaintiffs in error that counsel for defendants in error were guilty of misconduct during the argument of the case to the jury.
We have doubt as to whether the alleged misconduct of counsel for defendants in error has been brought into the record as required by the decision of our supreme court in The State of Ohio v. Young, 77 Ohio St., 529.
Assuming, however, that the evidence of alleged misconduct is properly before the court, it appears that only a portion of the arguments of counsel are presented. The record does not disclose what remarks, if any, were made by counsel for'plaintiffs in error that may have provoked some of the remarks now complained of.
*204 In the absence of a full report of the arguments of counsel we would not feel justified in holding that the alleged misconduct of counsel for defendants in error was such as would justify a reversal of the judgment.
Counsel for plaintiffs in error also insist that the trial court erred in giving to the jury in advance of the argument special instruction No. 2, as requested by counsel for defendants in error. This special charge is not as complete as it should have been, but nevertheless it is practically the same, in the respects complained of, as special charge No. 5, which was given by the court to the jury in advance of the argument at the request of counsel for plaintiffs in error.
Special charge No. 5 being given at the request of counsel for plaintiffs in error, we cannot see how it could be prejudicial to also give special charge No. 2 as requested by counsel for defendants in error.
It is admitted that this phase of the case was properly stated by the court in the general charge to the jury.
We are also of opinion that the alleged misconduct of the jury is not supported by the weight of the evidence.
The newly-discovered evidence referred to was largely cumulative, and we think the trial court did not err in refusing to grant a new trial on the ground of newly-discovered evidence.
There was a sharp conflict in the testimony. A number of witnesses called by defendants in error testified to a state of facts, which, if believed by the jury, would justify the verdict which was re *205 turned. It is equally true that a number of witnesses called by plaintiffs in error testified to a state of facts, which, if believed by the jury, would have required a different verdict.
The decision of the case was largely a question of determining the credibility of the various witnesses and the weight which should be given their testimony. These are questions which are peculiarly within the province of the jury, and from a careful consideration of the entire record we would not feel warranted in disturbing the judgment upon the ground that the verdict is against the manifest weight of the evidence.
We have considered all the assignments of error urged by counsel for plaintiffs in error in their briefs, bút, finding no error in the record which we think constitutes error prejudicial to plaintiffs in error, the judgment of the lower court will be affirmed.
If desired, a suspension of the execution of the judgment for twenty days will be allowed, so as to enable counsel to present the case to the supreme court.

Judgment affirmed.

Allread and Ferneding, JJ., concur.