Ferneding, J.
The original action in the court of common pleas was brought by Doris A. Mitchéll, by her next friend, against Edwin O. Decker, for injuries received in an automobile accident, which occurred in East Eleventh avenue, near the Ohio State Fair ‘Grounds, in the city of Columbus. The defendant was the owner of the automobile in which he was riding at the time of the accident. The car was being driven by the defendant’s son. The plaintiff at the time of the accident was between ten and eleven years of age. She approached Eleventh avenue, across vacant lots, and attempted to pass into Eleventh avenue at about the middle of the block and immediately in the rear of a 'street car. After passing the street car and reaching a point some ten or twelve feet from the south rail of the north track she was struck by the defendant’s car and seriously injured. The negligence assigned in the petition was that the automobile was being operated at an excessive and unlawful rate of speed and that the driver of the automobile failed to use ordinary care to avoid collision. It was claimed by the defendant that the plaintiff was negligent in attempting to cross the street at that particular place, it not being a regular street crossing; also that said plaintiff did not use proper caution to avoid the injury. There was a conflict of evidence as to the negligence of the defendant and as to the contributory negligence of the plaintiff. While the evidence on these subjects was conflicting we think these questions were properly submitted to the jury.
Counsel for plaintiff in error contend as a matter of., law that the plaintiff below was guilty of corn *440 tributory negligence, because sue undertook to cross Eleventh avenue at a point other than a regular crdssing for pedestrians. It does not- appear that there was any traffic ordinance making it unlawful for pedestrians to cross the street in this section of Columbus at a point other than a regular crossing; consequently plaintiff was not guilty of any illegal act or chargeable with negligence. per se. It therefore became a question of reasonable care. This depended to some extent upon the age, intelligence and experience of the plaintiff, and was a question for the consideration of the jury. (Rolling Mill Co. v. Corrigan, 46 Ohio St., 283; The L. E. & W. Rd. Co. v. Mackey, 53 Ohio St., 370, and Cincinnati St. Ry. Co. v. Wright, Admr., 54 Ohio St., 181.) The plaintiff, because of her tender years, is not chargeable with that same standard of care and caution as would be expected of a person of mature years. Many of the cases cited by counsel for plaintiff in error, therefore, are not applicable.
It is also contended that the driver of defendant’s car was not bound to contemplate that a pedestrian would be crossing, a street between regular crossings and was therefore not bound to be on the lookout for such pedestrians We think, however, that while the driver of an automobile would naturally be required to exercise a greater degree of caution at a regular crossing than at points between crossings, nevertheless it at all times became the duty of such driver to keep the speed of his car between crossings within the legal limit and to use due care and caution to discover pedestrians, particularly children, who may be found *441 using- the street. This is a question of fact to be determinéd from all the evidence and circumstances of the case.
There was evidence tending to prove the custom on the part of children and others in that neighborhood to cut across lots and over Eleventh avenue at the point of the accident. The trial court distinctly stated that this evidence would not affect the defendant unless it was shown that he had notice, and we think that the introduction of such evidence under the circumstances was not prejudicial.
The jury returned a verdict in favor of the plaintiff 'in the sum of $4,500, which the trial court reduced to $2,900. We • are not prepared to find from the record that the verdict was the result of passion and prejudice on the part of the jury, nor do we find that the verdict as reduced by the trial court is excessive. Finding no prejudicial error the judgment will be affirmed.

Judgment affirmed.

Kunkle and Allread, JJ., concur.