Ferneding, J.
This is an action for personal injuries. The case was tried in the court of com *2 mon pleas and resulted in a verdict for $15,000. A motion for new trial was made and overruled and judgment was entered on the verdict. Error is prosecuted to this court to reverse said judgment.
It appears that John C. Gordon, the injured party, was on his way home about midnight. He walked south on the east sidewalk of Main street in the city of Dayton until he reached the railroad crossings at Main and Sixth streets when he started diagonally over the railroad intersections toward the west sidewalk of Main street. While in the act of crossing the intersection Gordon claims that he caught his foot in a hole in the roadway, on the north side of the north rail of the track upon which a freight engine belonging to the Pennsylvania Railroad Company was approaching from the east, and that while endeavoring to extricate himself the engine caught and crushed his foot to such an extent as to separate the bottom of the foot from the bones and also break some of the smaller bones of the foot.
Among the acts of negligence charged are the defective condition of the crossing, and failure of the employes of the railway company to use due care to discover Gordon’s dangerous situation and avoid injuring him. Counsel for plaintiff in error claim the trial court erred in refusing to give the following charge requested by plaintiff in error, to-wit:
“If the east sidewalk on Main Street, at, and in the vicinity of and across the railroads where they intersect Main Street, was in such condition that the plaintiff could have safely used it in the ordinary manner of pedestrians, and would have avoided injury from the train which struck him, if he had stayed on said east sidewalk; and if the plaintiff *3 without necessity and for his ówn pleasure or convenience, departed from said east sidewalk and crossed said railroad crossing diagonally to the point, where the accident occurred, intending to continue his course to the west side of Main Street, he must be held to have assumed the risks, if any, from the condition of the crossing, which lay in the path he thus chose.”
This charge is founded upon the authority of City of Dayton v. Taylor's Admr., 62 Ohio St., 11, the syllabus of which is as follows:
“A pedestrian who, without necessity and for his own pleasure and convenience, departs from the sidewalks and street crossings, upon which he would have avoided injury, and crosses a street intersection diagonally, and is injured -by slipping into a catch-basin which lay between the crossings, must be held to have assumed the risks which lay in the path which he thus chooses.”
It is claimed by plaintiff in error that when Gordon left the sidewalk and started diagonally across the roadway at Main street he should be held as a matter of law to have assumed the risk which lay in the path so chosen. We think the syllabus and decision in the Taylor case should be limited to the facts of that case, and should not be extended to a case like the one at bar, where there was active negligence charged in the operation of a railroad engine over said crossing, and where there were unnecessary defects in the roadway. We approve the following propositions of the syllabus, and the reasoning of the court in support thereof, in the case of Durbin v. Village of Napoleon, 21 C. C., 160:
*4 “In passing over a street, at a point where no street crossing is provided, the pedestrian assumes the hazard of danger ordinarily present in a street kept in ordinarily safe condition.
“He does not assume the risk of injury, without his fault, from unnecessary defects, or from obstructions and nuisances that are suffered to remain in the street, through the negligence of the municipal authorities.
“These propositions are not in conflict with the doctrine laid down by the Supreme Court in the case of the city of Dayton v. Taylor’s Adm’r, 62 Ohio St., 11. (43 W. L. B., 209.)”
See also Decker v. Mitchell, 10 Ohio App., 438.
We are therefore of the opinion that the trial court did not err in refusing the special charge above quoted, nor in its general charge upon that subject. We have considered all the errors assigned and are of the opinion that the trial court committed no error in its rulings during the trial prejudicial to the plaintiff in error.
Complaint is made as to the argument of counsel for the plaintiff below, but we think there was no such abuse of discretion of the trial court as would justify a reversal upon that ground. See Ohio & W. Pa. Dock Co. v. Trapnell, 88 Ohio St., 516, and Baird et al. v. Detrick et al., 8 Ohio App., 198.
Counsel for plaintiff in error also urge that the verdict was against the manifest weight of the evidence, and, particularly, that the amount of the verdict is excessive. Without attempting to analyze the evidence in detail, we are of the opinion *5 that the verdict so far as it finds in favor of the plaintiff is not contrary to the manifest weight of the evidence, but that the amount of the verdict is excessive in the sum of at least $3,000. Gordon, the injured party, was a comparatively young man, and was capable of earning at the time of his injury, according to the testimony, from $35 to $40 per week. He was a machinist by trade and the injury to his foot caused an almost total loss of his earnings for approximately a year, and will materially interfere with his earning capacity in the future.
If the amount above stated, to-wit, $3000, is remitted, the judgment as so modified will be affirmed, otherwise the case will be reversed and remanded for new trial.

Judgment accordingly.

Kunkle and Allread, JJ., concur.