Washington Township Mutual Fire & Lightning Ins. Assn. *v.* Sherrer.

■■■■■■■■■

■■■■■■■■■

(Decided December 29, 1927.)

■■■■■■■■■

*Messrs. Garver & Badger,* for plaintiff in error.
*Mr. Dwight H. Hyatt,* and *Messrs. Blair & Blair,*
for defendant in error.

HOUCK, J. The parties here stand in a relation
the reverse of that held in the lower court, the plain-
tiff below being H. C. Sherrer, the insured in a policy
which the defendant insurance company issued to
him. However, hereafter, in this opinion, the par-
ties to this lawsuit will be referred to as the insurer
and the insured.

The foundation of this lawsuit is based on a fire
insurance policy issued to the insured by the in-
surer on a residence property owned by the insured.

The insured in his petition filed in this case against
the insurer in substance avers and sets forth that on
the 2d day of July, 1924, he was the owner of a cer-
tain dwelling house in Howard township, Knox
county, Ohio, and that on such date, in consideration
of $7.95, which he paid the insurer, a policy of in-
surance was issued to him protecting him against
loss and damage from fire to said dwelling house in
a sum therein stated; that in the event of loss from
fire defendant agreed to pay same within 90 days
from the notice thereof; that on the ——day of
November, 1925, said dwelling house was damaged
by fire in this, to wit, the chimney of said dwelling

house was burned, blackened, and destroyed, and the walls and wall paper, and floor and chimney of the dwelling house were blackened, burned, and destroyed, to the loss and damage of the insured in the sum of $156.67. He further avers in his petition that he notified the defendant of such loss, made proof of same as per the contract of insurance, and that he performed each and all of the conditions required of him under said contract of insurance, and that the insurer has failed and refused to pay said loss, for which he files this suit and prays judgment.

The insurer filed an answer to said petition, in which it admitted the ownership of the property, and the issuance of a policy of insurance, and denies all other averments of the petition. As a further defense, the insurer sets forth that said fire and loss, if any, were the result of plaintiff's neglect, and, further, that said fire was not an unavoidable fire and that it was only against unavoidable fires that the insurer insured; that if there was any such damage, it was confined to the chimney and was not a risk under the policy of insurance.

Upon the issues thus raised, the cause was submitted to a jury on the evidence, and a verdict was returned for the insured in the sum of $149.67. The usual motion for a new trial was filed, which was overruled by the court, and judgment was entered on the verdict.

In passing it might be well to state that prior to the offering of any evidence in this case the insurer made a tender, and offered to confess judgment in favor of the insured in the sum of $78 and costs, which offer and tender were refused by the insured.

A petition in error and a bill of exceptions con-

taining all of the evidence offered in the case were filed in this court, and a reversal of the verdict and judgment below is sought by the insurer, whose counsel, in the petition in error, set forth fifteen grounds of claimed prejudicial error in the record, although in oral argument, as well as in brief, counsel have been somewhat charitable with the court and have only urged four grounds of error, which are as follows:

1. Error in the admission and exclusion of evidence.

2. Error in the charge of the court to the jury.

3. Misconduct of counsel for the insured.

4. The verdict and judgment are excessive and against the manifest weight of the evidence.

We have examined the pleadings, read the law as given in charge to the jury, and carefully examined the evidence as contained in the bill of exceptions.

As to the first ground of error, in the admission and exclusion of evidence, we need but say that the record fails to disclose any prejudicial error in this respect.

As to the second claim of error, that the trial judge erred in his charge to the jury, will say that counsel for the insurer insist that the trial judge erred as to the law relating to the question of measure of damages; counsel insisting that the only rule is the difference in value of the dwelling house before and after the fire. The trial judge permitted to go to the jury the cost of the different materials entering into the repairs on the house and the rebuilding of the chimney which was destroyed and injured by the fire.

The trial judge gave to the jury in charge the following: ''The plaintiff as his damages would be entitled to recover from the defendant such a sum as you find from the evidence to be the amount of the actual damage done to the property of the plaintiff by fire, not exceeding $156.67. In determining this loss or damage you will consider what sum of money will be required to make good the loss or damage, and to that end you may give consideration to the depreciation in value of the property due to the fire. Testimony of the plaintiff as to the cost of material and labor expended by him in restoring the property has been permitted to go to the jury. The court says to you that that is not proof of the actual loss or damage, but is permitted to go to the jury as a memorandum — as a circumstance shedding light upon the extent of the damage and loss.''

Under the pleadings and the evidence offered in the trial, we are of the opinion that the rule of law laid down by the trial judge is clearly applicable to the issues raised by the pleadings and the evidence offered.

It occurs to us, if the drastic rule insisted upon by learned counsel for the insurer in the present case was adhered to, that the damages in this case might be much more than the jury found, because it seems to us that one of the essential and necessary things in and about a farm dwelling house is a chimney, and in this case the chimney was destroyed and rendered useless and valueless, if the evidence, as found in the bill of exceptions, is to be relied upon.

The rule urged by counsel and insisted upon is a rule to be applied in certain cases as a predicate and basis for the amount of damages to be recovered. However, it is not the exclusive rule.

Counsel also urge that the insurer is not liable for loss or damage to the chimney, for the reason that it is a part of the fire apparatus of the house, and one of the agencies for heating the house and for use in the domestic work of the house, and therefore is not a risk under the policy. We certainly are not in accord with and find against the claim here made. We hold that the rule of law laid down by the trial judge concerning said claim is sound. The law upon this subject as given to the jury in the general charge is as follows: "The court instructs you that if you find by a preponderance of evidence that combustible materials of any character in the chimney ignited, and an excessive fire was started, and the fire and heat, or either, in the chimney caused a damage to said chimney, or to such chimney, paper, walls and floor, that the same would be a risk under this policy of insurance, and defendant would be liable for the loss and damage, as hereinafter given you in this instruction. The court says to you that such a fire would be a fire not confined to the usual agencies for heating and building a fire, and would be one started without human agency, and where it was not intended to be started or maintained."

Third. Did the court below permit prejudicial error to intervene on account and by reason of claimed misconduct of counsel for the insured, as urged by counsel for the insurer?

The record in this case does not disclose any exceptions to or any objections of whatsoever kind to the argument made to the jury by either of the counsel for the insured. True, under proper circumstances, and if a proper record was made concerning same, misconduct of counsel, in fact, would

be a proper ground of reversal if under all of the facts and circumstances such was prejudicially erroneous.

The rule is that the conduct of counsel during the trial is subject to the direction of the trial judge, and his discretion in that respect will not be controlled by a reviewing court unless it was manifestly abused to the prejudice of one of the parties to the action.

The rule in Ohio seems to be fixed and certain that a reviewing court will not undertake to determine whether statements made to a jury by counsel in argument constitute misconduct, unless such statements or remarks claimed to be prejudicial are brought into and made a part of the record.

The record must further affirmatively show that the attention of the trial judge was called or directed to same by an objection at the time, and proper exceptions taken thereto.

The citation of authorities seems almost useless. However, we wish to call the attention of counsel to the case of *State* v. *Young*, 77 Ohio St., 529, 83 N. E., 898. The syllabus reads: ''The remarks of counsel in addressing a jury, to be the predicate of a proceeding in error upon the ground of misconduct of counsel in that regard, must be brought into the record of the trial by the certificate of the trial judge as are other matters occurring upon the trial and in his presence.''

The case of *Baird* v. *Detrick*, 8 Ohio App., 198, also is an authority upon the question here raised.

This court finds no prejudicial error and nothing in the record that would warrant any foundation either in fact or law for the claimed error based upon the misconduct of counsel.

Fourth. Are the verdict and judgment excessive and against the manifest weight of the evidence? An inspection of the record is only necessary to answer this inquiry in the negative.

We are unanimous in finding that there are no prejudicial errors in the record, and we further find that the verdict of the jury and the judgment thereon are sustained by the evidence and law of the case and that substantial justice has been done in the premises.

*Judgment affirmed.*

SHIELDS and LEMERT, JJ., concur.