## PIATT v PIATT

Ohio Appeals, 7th Dist, Monroe Co
Decided April 28, 1931

Matz & Matz, Woodsfield, for Lena Piatt. C. D. Fogle, and Moore, Moore & Moore, Woodsfield, for Frank Piatt.

**ROBERTS, J.**

The trial court then held that no evidence of other acts of extreme cruelty, other than those specifically plead, was competent.

Subsequently, evidence was attempted to be elucidated by the testimony of several witnesses concerning other wrongful acts of the husband, in the nature of extreme cruelty, to which, objections were made, sustained and exceptions noted. Thus developed one of the alleged errors in the trial, that is, the refusal of the court to permit testimony of any other misconduct on the part of the defendant other than that alleged in the petition; and, as before suggested, it is claimed that the court should have found for the plaintiff, and granted a divorce to her upon the testimony which was admitted.

Upon this proposition, the decided weight of the evidence indicates that the husband on the date specified, was the aggressor and committed an assault upon his wife, substantially as testified to by her, and corroborated by three of the children.

It was thus the opinion of the trial court that the introduction of evidence should be restricted to the specific transaction complained of, and that no other testimony was admissible, showing or tending to show the relations theretofore existing between the parties, or any other wrongful conduct on the part of the defendant which culminated in her leaving his home on the day mentioned, and to which, she has not since returned.

Whatever may be said as to the ordinary and usual rules as to the admissibility of testimony relating to matters not directly appearing in the pleadings, and which are complained of as a cause of action, it has long been the general practice in divorce cases, in the opinion of this court, and fortified by the experience of the writer hereof in several thousand divorce cases while upon the Common Pleas Bench, that greater liberty should be extended to the admission of testimony in divorce cases than in litigation generally.

The determination of an action for divorce as to whether or not a final separation should be granted, especially where the parties have lived together for 20 years, or more, have raised a family and accumulated considerable property, in which each has some interest, peculiarly justifies and requires closer discrimination, and a more intimate knowledge concerning the manner in which they have lived, and the way in which they have conducted themselves towards each other, to the end that best results may be obtained in the decision rendered, as to whether the misconduct should be ignored, forgiven or condoned, and a continued effort be made to live together as husband and wife, or whether their interests, and

the interests of their children, are best subserved by a judicial separation.

One of the greatest causes of misery and crime is the continued living together of husband and wife, when long experience has shown the impossibility of living together with that degree of harmony and safety, and comfort of each which should prevail in the marital relation.

It was important for the trial court in this case to determine whether the transaction proven by the evidence was one of substantially frequent occurrence in the past, or whether it was an unexpected and unpremeditated result of some particular impatience, or aggravation which might or should be overlooked and condoned.

We think in this instance the trial court should have heard the testimony offered as to other misconduct, and thus have been better enabled to intelligently and justly determine whether this family should be disrupted, and the husband and wife be legally separated or not.

The testimony might have been of but little weight, or it might have been of great weight and convincing effect as to what disposition should be made of the case.

Generally speaking, a divorce case is in its nature such that each case is somewhat peculiar to itself, and should be determined by reason of the facts, and such probable inferences as may be drawn therefrom, as properly appear in such case, rather than by strict adherence to technical rules of procedure, on admissibility of evidence.

The authorities are somewhat conflicting upon the subject, as found in decisions and treaties as to what extent the evidence may go beyond the specific allegations of the petition.

The rights and immunities of the wife from the aggression of her husband have been enhanced, and secured greater recognition in recent times than formerly when the husband, even in some jurisdictions, had a right to inflict reasonable corporal punishment upon the wife.

In the case of Reese v Reese, 23 A. L. R., 785, cited in Bates Pleading, page 1514, it is said:

"Other acts of cruelty are admissible to corroborate those plead and to show the relations of the parties."

In 19 C. J., 130, it is said:

"While a divorce cannot be granted for particular acts of cruelty which are not pleaded, yet evidence of acts not alleged may be admitted in explanation, corroboration, or aggravation of those specifically charged."

Time will not be taken to cite or quote further authorities upon this subject.

It is apparent that the right to go beyond the specific allegations in evidence has frequently been recognized. The evidence, as before suggested, strictly indicates a somewhat brutal and violent attack by the husband upon the wife, which, unexplained, would have justified, and, presumably, should have resulted in a finding in favor of the plaintiff, and that, furthermore, the court should have permitted the plaintiff to offer the other testimony, and, if it tended to corroborate and substantiate the wife's claim of cruelty, the court would have had an added assurance of justification in allowing the prayer of the petition.

In support of the contention that the evidence should not go beyond the specific allegations, it is suggested that otherwise the defendant would not know what charges he might meet in the evidence, and would be without opportunity to refute them by other evidence; however, this was a trial to the court, and not to a jury, and it was fully within the power of the trial court to take such action as would give the defendant ample opportunity to meet any evidence concerning any transaction not found in the petition.

The conclusion is reached that prejudicial error occurred, in the manner herein suggested, and the judgment of the Court of Common Pleas is reversed.

FARR and POLLOCK, JJ, concur.