## MOLLENCAMP v MOLLENCAMP

Ohio Appeals, 2nd Dist, Franklin Co

No 2372. Decided July 16, 1934

Sandles, Ulrey & Wildermuth, Columbus, for plaintiff in error.

Horace E. Kerr, Columbus, for defendant in error.

MONTGOMERY, J, (5th Dist)
sitting by designation.

**OPINION**

By HORNBECK, PJ.

We have read the record with care. The testimony supporting the decree of the trial court, if true, is not as convincing and satisfactory as is ordinarily found in support of such decrees. There is much evidence of the plaintiff respecting misconduct of the defendant which is not corroborated. Much of the testimony is indefinite in its terms. The defendant is charged with improprieties with men, but in no instance is there any identification, and the improprieties are only defined in most general terms. There are some suspicious circumstances but they are not supported or made definite by other evidence. If we were passing upon this evidence originally and weighing it as a trial judge, it is doubtful if we would predicate a decree of divorce upon it.

The proof respecting the charges of extreme cruelty against the plaintiff is much more definite, if true, than is the testimony on behalf of the plaintiff's charges. The extreme cruelty charged against the plaintiff is physical cruelty, such as beating. and dragging of the plaintiff across the room, threats against her and menacing her with a fire arm. We have been impressed with the testimony of the daughter of the parties, who was 12 years old at the time the testimony was received. Her statements were taken by the trial court in privacy, by agreement of counsel, the clear effect of which is to support the specific claims of her mother. However, we must grant to the trial court the prerogative which is reposed in the trier of the facts. He had the right to. weigh the testimony of the witnesses and to test their credibility. We would not feel justified in holding that the decree of divorce to the plaintiff was so manifestly against the weight of the evidence. as to require its reversal. It will therefore be affirmed.

The custody of the child and the separation agreement are so related that they should be considered together. The separation agreement in writing was formulated and prepared carefully. It represents the mature judgment of the contracting parties. It is explicit, comprehensive and fully determines the rights of the parties. It was entered into on the 6th of September, 1932, only about two months prior to the filing of the petition by the plaintiff for divorce. If this agreement is reasonable, proper and represents a fair determination of the rights of the parties, its terms should be given mature consideration by the courts.

Such an agreement has been approved under the statutes, §§7999 and 8000 GC, not only as to property rights of the parties but as to the support of their children during separation. **Hoagland v Hoagland, 113 Oh St, 228.** Independent of the effect of the Hoagland case, supra, in a custodial decree under circumstances like unto those found in the instant cause, this court is bound by a former decision, **Slater v Slater, 15 Abs 572.** The 1st syllabus of this case reads:

"A preference expressed by a child 12 years of age as to which of her divorced parents she. desires to live with, must, under §§8032 and 8033, GC, be respected unless the parent so selected is unfit to take charge of the child by reason of moral depravity, habitual drunkenness or incapacity."

Inadvertently, it appears, the trial court and counsel did not take into consideration the sections of the statute to which reference has been made. In our judgment, they are controlling. The daughter was

given no opportunity to indicate with which parent she preferred to live. Without this preference being indicated, the trial court was without authority to award the custody to the father. If the daughter should indicate the preference to live with her mother, then the trial court could not award the custody to the other parent unless and until there was an affirmative finding that the mother was unfit to take charge of the child by reason of moral depravity, habitual drunkenness or incapacity. In our judgment, this record as now constituted would not support the finding of unfitness of defendant upon any one of the three grounds appearing in §8033, GC.

If we could support the trial court in the custodial decree there would be much to commend the order refusing to make the separation agreement a part of the decree. The agreement was predicated in part upon the hypothesis that the mother would have the care, custody, support and education of the daughter which would require greater financial assistance to the mother than she would need if the daughter was in the custody of the father. Because the decree must be reversed upon the custodial order it will not be necessary to pass upon the claimed error in the refusal to make the separation agreement a part of the final decree.

The judgment of the trial court will be affirmed as to the decree of divorce to the plaintiff. It will be reversed and remanded for failure to observe the provisions of §8033, GC, in determining the custodian of the daughter, Betty Jane, and remanded for further consideration respecting the advisability of adopting the written agreement between the parties and making it a part of the final decree.

BARNES and MONTGOMERY, JJ, concur.