## ROBBINS v CRAY

Ohio Appeals, 2nd Dist, Miami Co

No 345.   Decided May 2, 1935

W. A. Haynes, Kerr, Kerr & Kerr, Troy, and Allen C. McDonald, Dayton, for plaintiff in error.

Shipman & Shipman, Troy, for defendant in error.

532

534

of the real estate described in the petition in the proportions as therein set forth.

We do not deem it necessary to cite authority at great length, as it would merely be a re-statement and re-citation of those cases upon which the trial court relied. We are satisfied that there is no showing of fact in this case which would justify or permit any testimony tending to vary the express written terms of the deeds reciting a valuable consideration for the conveyances.

It has long been recognized in Ohio that evidence outside the deed cannot be introduced to contradict or change its legal effect in the creation or modification of the estate. **Steele v Worthington, 2 Ohio, 182; Burrage v Beardsley, 16 Ohio, 438; Patterson v Lamson, 45 Oh St, 77; Groves et v Groves, 65 Oh St, 449; Cowden v Cowden, 7 O.C.C. (N.S.) 282.**

To have permitted testimony in the instant case, the purpose of which was to establish that Sarah J. Bowne paid nothing as a consideration for the property deeded to her would have been a manifest violation of the letter and spirit of the parol evidence rule.

As very early stated in **Burrage's Lessee v Beardsley, 16 Ohio, 442,**

"It would be difficult to imagine anything more directly in conflict with reason and principle than to permit a deed thus assailed to be set up by proving it false upon its face."

In all of the deeds a valuable consideration was set forth and the receipt thereof was in each and every instance acknowledged by Cornelius Bowne. Had he lived would he have been permitted to expressly disavow by oral testimony that which he had formerly recognized in writing over his signature? We think not. If he could not have varied the terms of the deeds, then his representatives could not do so. But if the testimony tendered had been accepted, and given full weight, it would not disprove the express statements in the deeds that the valuable consideration was paid by Sarah J. Bowne and received by Cornelius Bowne. The making of the wills contemporaneously with certain of the deeds and the statements therein were but confirmatory of the recitals in the deeds respecting consideration. The consideration, no doubt, was mixed, being both good and valuable. The full effect in law may not have been appreciated by Cornelius Bowne, but that would not in any wise change the legal effect. The recitals in

## OPINION

By HORNBECK, J.

We have been favored with briefs of exceptional merit and also have the opinion of Judge Jones of the Common Pleas Court. We are in accord with his determination that the evidence tendered, tending to show that there was no valuable consideration for the deeds from Cornelius Bowne to his wife, Sarah J. Bowne, was inadmissible; that the deeds reciting a valuable consideration cannot, in the absence of fraud, be contradicted by parol evidence; that, therefore, the title of the property under consideration came to Sarah J. Bowne by purchase, and that Almeda Cray, plaintiff below, was entitled to partition, as prayed, and that she and the defendants below, other than plaintiff in error, were seized

the codicils, insofar as they might reflect upon the consideration shown in the deed, could not, in any view, be admissible against the heirs at law of Sarah J. Bowne, because they were but statements of the grantor made subsequent to the execution of the deeds.

Upon the evidence which is admissible, the facts bring the case clearly within the pronouncement of the syllabus in **Brown v Whaley et, 58 Oh St, 654**, as follows:

"A deed of real estate from a father and mother to their daughter, 'in consideration of our love and affection for our daughter, and in consideration of the dutiful obedience and faithful services to us of our daughter and in further consideration of one dollar to us in hand paid by our said daughter,' is not a deed of gift, and the title acquired under such deed came to the daughter not by deed of gift, but by purchase."

There is an unbroken line of authorities in Ohio supporting the judgment of the trial court in this case. In **Shehy v Cunningham, 81 Oh St, 289**, it is said in the first proposition of the syllabus:

"The consideration clause in a deed of conveyance is conclusive for the purpose of giving effect to the operative words of the deed, but for every other purpose it is open to explanation by parol proof and is prima facie evidence only of the amount, kind and receipt of the consideration."

And elaborating upon the above proposition in **Thiessen et v Moore et, 105 Oh St, 401**, the first syllabus says:

"The consideration paid for a conveyance of real estate determines its course of descent, and the recital in the deed of conveyance of the payment of the consideration is 'operative words,' within the meaning and intent of the declaration of this court in the case of **Shehy v Cunningham, 81 Oh St, 289, and for the purpose of determining the course of descent is conclusive.**" (Emphasis ours).

We have examined the many cases cited by counsel for plaintiff in error but careful analysis of the facts, in the light of the law pronounced, discloses no conflict between them and the cases upon which we have commented and many others with which counsel are familiar.

The judgment of the trial court will be affirmed.

KUNKLE, PJ, and BARNES, J, concur.