**WATSON, Plaintiff-Appellant, v. WATSON, Defendant-Appellee.**

Ohio Appeals, Seventh District, Columbiana County.

No. 745. Decided December 22, 1956.

Riddle & Riddle, Lisbon, for plaintiff-appellant.

Amerman, Burt, Shadrack, McHenry & Jones, Canton, for defendant-appellee.

## OPINION

By PHILLIPS, PJ.

The question presented to this court by plaintiff's appeal on questions of law is whether the trial judge erred to her prejudice in overruling her motion for change of custody of her daughter, Wanda Watson, a minor over fourteen years of age, to live with plaintiff (reversing her choice of August 2, 1954, to live with defendant).

Plaintiff divorced defendant. Plaintiff is now married to Herman Rufener, with whom it is alleged plaintiff committed adultery resulting in her pregnancy while Rufener's wife was confined in Massillon State Hospital as a hopelessly and incurably insane person.

The trial judge overruled plaintiff's motion for change of custody

of Wanda Watson and granted her custody to defendant finding the plaintiff was an unfit person to whom to confide the custody of her daughter.

In his opinion ruling on plaintiff's motion to allow Wanda Watson to elect the judge of the Juvenile Court said inter alia:—

"Therefore, the only change is the choice of the 14 year old child to go to her mother. Since this court has ruled this is no longer obligatory upon the court to accept even if both parents were declared to be morally fit this court does not believe this is enough to warrant a change of custody. The father has always been a fit person with a proper home. A short year ago he obtained custody of his child because of the confessed immorality of the mother. Nothing he has done has changed his moral fitness. Now the mother, having gained her paramour as a husband and living with him and being faithful to him and their child conceived in adultery asks that the child be taken from the father, who, so far as evidence in any part of this case discloses, has never perpetrated any immoral acts to render him unfit. Under the Rauth Case (73 Oh Ap 564), such request must be denied. See journal."

Plaintiff urges that the trial judge erred prejudicially to her in his interpretation and construction of §3109.04 R. C.

Sec. 3109.04 R. C., formerly §8005-4 GC, provides:—

"Upon hearing the testimony of either or both parents, corroborated by other proof, the court shall decide which of them shall have the care, custody, and control of the offspring, taking into account that which would be for their best interest, except that if any child is fourteen years of age or more, it may be allowed to choose which parent it prefers to live with, unless the court finds that the parent so selected is unfitted to take charge. The provisions permitting a child to choose the parent with whom it desires to live shall apply also to proceedings for modification of former orders of the court fixing custody. If the court finds, with respect to any child under eighteen years of age, that neither parent is a suitable person to have custody it may commit the child to a relative of the child or certify a copy of its findings, together with so much of the record and such further information, in narrative form or otherwise, as it deems necessary or as the juvenile court requests, to the juvenile court for further proceedings, and there upon the juvenile court shall have exclusive jurisdiction. This section applies to actions pending on August 28, 1951."

In 18 O. Jur. (2nd), Page 125, Section 171, it is said:—

"In awarding the custody of children in a divorce or alimony proceeding, children over fourteen years of age may be allowed to choose which parent they prefer to live with, and in such case the parent so selected is entitled to such custody unless the court finds that he or she is unfitted to take charge.

"The statutory provisions permitting a child to choose the parent with whom it desires to live apply to proceedings for the modification of former orders of the court fixing custody, as well as in original actions. The child's choice has been held to cast the burden of proof upon the parent opposing it. * * *."

By brief counsel for plaintiff say:—

"The question presented to this court is: Is it mandatory under §3109.04 R. C., for a trial court having allowed a minor child of 14 years to elect with which parent it preferred to live, to award custody of that minor child to that parent selected, unless the parent so selected is an unfit person?"

In the case of Mollencamp v. Mollencamp, 18 Abs 90, cited and relied upon by plaintiff, and decided when §8033 GC, was in effect, it is said:—

"In a divorce suit the trial court is bound by §8033 GC, to consider the preference of a child over ten years of age as to which parent its custody shall be awarded, failure to do so being reversible error."

The provisions of §8033 GC, are:—

"Upon hearing the testimony of either or both of such parents, corroborated by other proof, the court shall decide which one of them shall have the care, custody and control of such offspring, taking into account that which would be for their best interest, except that, if such children be ten years of age or more, they must be allowed to choose which parent they prefer to live with, unless the parent so selected, by reason of moral depravity, habitual drunkenness or incapacity, be unfitted to take charge of such children, in which event the court shall determine their custodian. The above provisions permitting children to choose the parent with whom they desire to live, also shall apply to proceedings for modification of the former orders of the court, fixing the custody thereof, as in original actions. If upon such hearing it should be proved that both parents are improper persons to have the care, custody and control of their children, in its discretion, the court may either designate some reputable and discreet person to take charge thereof, or commit them to a county or district children's home in which they or their parents have a legal settlement."

The trial judge considered the preference of Wanda Watson to live with her mother and he found adversely to Wanda Watson, in which finding we concur.

The welfare of Wanda Watson is of the paramount importance, and the question of her welfare under all the circumstances shown by the evidence is the important matter to be decided by the trial judge.

The evidence supports the decision of the trial judge journalized January 15, 1955, that:—

"Although the plaintiff knew, as far back as November 1953, at the time of the first hearing, that she was doing something contrary to the accepted morals of society in keeping company with a married man and openly associating with him, she did nothing about it. In fact, after that date, she began an adulterous relationship with him and moved into his home. In addition to that she conceived a child born three months after her marriage to this man. She openly consorted with this man in the presence of his children and this girl, even to the extent of a trip to Canada with him and the children. * * *."

The trial judge did not erroneously misconstrue §3109.04 R. C., as amended effective August 23, 1951, nor err "in determining that the selected parent was an unfit person to be awarded custody."

In the case of **Schwalenberg v. Schwalenberg, 65 Oh Ap 217**, cited by counsel, this court said in the syllabi:—

"The right of a minor over ten years of age to elect with which of his divorced parents he wishes to live is controlled by §8033 GC, and the statute is mandatory in operation unless the parent so selected is unfit by reason of moral depravity, habitual drunkenness, or incapacity, in which event the court will select the proper custodian.

"In such case, the burden of proof is upon the parent seeking modification of a decree awarding custody of a child, at the child's election, to the other parent to show unfitness by reason of moral depravity, habitual drunkenness or incapacity of such other parent.

"It is not error, in such case, for the court to refuse to entertain evidence of that parent's habits earlier than one year immediately preceding the hearing, as this matter rests in the sound discretion of the trial court."

At page 220 of the opinion in the Schwalenberg case this court said:—

"True, if the evidence disclosed that plaintiff was an unfit person to have custody of the minor, then clearly the court would not be bound to respect the wishes of the minor in his election, and could ignore such election, and under such conditions the rights and duties of the court are clearly defined by statute.

"However the fitness of plaintiff to have custody of the minor was a question addressed to the sound discretion of the court.

"The burden of proof was upon the defendant to establish the unfitness of the plaintiff to take care of the minor by reason of moral depravity, habital drunkenness, or incapacity. * * *

"The matter of the introduction of evidence in this respect was within the sound discretion of the trial judge. In the absence of the abuse of that discretion this court will not interfere with the ruling of the trial court thereon. * * *"

Finally plaintiff contends that the trial judge "committed error prejudicial to the rights of plaintiff-appellant in its finding that there had been no substantial change of conditions since the awarding of custody of Wanda Watson to her father, the defendant-appellee herein, on a prior hearing on motion to modify custody."

In the case of Graviess v. Graviess, 28 Circuit Court Reports 26, the first and second paragraphs of the syllabi state:—

"In divorce proceedings the care and custody of children is a question addressing itself to the sound discretion of the trial court, and when this discretion has been exercised, a reviewing court will not interfere with or disturb an order with reference thereto, unless there has been a serious error or an abuse of discretion.

"A trial court has a continuing jurisdiction as to the care and custody of the children of divorced parents, but it is not authorized to reopen questions relative thereto previously submitted and adjudicated, unless a substantial change has taken place in the condition of the parties, which requires a modification of the former order."

The court said at page 27:—

"* * * The continuing jurisdiction of a court of common pleas in the matter of custody of children, does not mean that that court may change

352

its former orders and decrees at any time because the court may have changed its mind. This continuing jurisdiction to modify former orders is not to be used for the purpose of a rehearing of the matter theretofore submitted and adjudicated, but is only to be called into exercise when a substantial change has taken place in the condition of the parties, which would call for, and require, a modification of the former order. * * *."

In **Godbey v. Godbey, 70 Oh Ap 450**, it is said:—

"The privilege of a child ten years of age or more, who is the subject of a custody proceeding under §8033 GC, to choose the parent with which he wishes to live, exists only where the court finds that both parents have capacity to properly care for the child."

The only changes in conditions since the trial court confided custody of Wanda Watson to defendant was that plaintiff and Herman Rufener had a child three months after they married, and that Wanda Watson had changed her mind and elected to live with her mother.

The trial judge further said in his decision journalized January 15, 1955, in which we concur:—

"There is a popular misconception that all that is owed to a child is food, clothing and shelter. That is wrong. A parent must be a moral person, an inspiration and guide for their children. This is a girl of some thirteen years of age. She has openly seen her mother consort with a married man and conceive a child to him previous to her own marriage to him. To decree the custody of this child to her mother is to give official sanction by this court to an adulterous relationship. In the eyes of this impressionable youngster, not only would her mother be vindicated in her immoral actions, but they would have the approval of constituted authority. It would be difficult for anyone then to tell this child, when sexual temptations beset her, that she should refrain from them.

"There was no evidence to indicate the father to be other than an upright moral citizen. The evidence was overwhelming that the mother was not only an adulteress, but felt herself justified in her position. The court therefore finds that she is not a fit person to have the custody of this child."

Finding no error in any of the respects urged by the plaintiff the judgment of the trial court is affirmed.

GRIFFITH and NICHOLS, JJ, concur.