**DURSA, Plaintiff-Appellee, v. DURSA, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24393. Decided May 14, 1958.

James F. Black, Coleman Kiss & Albert H. Kiss, for plaintiff-appellee.
Morton B. Icove, for defendant-appellant.

## OPINION

By KOVACHY, J:

This is an appeal on questions of law from a judgment entered in the Common Pleas Court of Cuyahoga County wherein a decree of divorce and alimony was granted the plaintiff on the grounds of gross neglect of duty and extreme cruelty.

Defendant-appellant's assignments of error are:

1. that the court conducted the "trial in a partial, biased, and hostile-to-the-defendant manner";

2. that the court refused "to confine evidence to issues raised in the pleadings";

3. that the plaintiff presented no corroborative evidence; and

4. that the decree was manifestly against the weight of the evidence.

We have read the record with care. The trial judge saw and heard the witnesses and, as the trier of the facts, determined the credibility of each witness and the weight to be given his testimony. The proof required in a divorce case is ". . . to the satisfaction of the court . . ." (§3105.10 R. C.), from which it follows that the sufficiency of evidence to justify a decree of divorce lies very largely in the discretion of the trial court. A reviewing court in passing on as assignment of error that a decree of divorce is against the manifest weight of the evidence must keep these considerations in mind and is warranted in setting aside the decree only when the record does not disclose some evidence of a substantial nature which reasonably supports the judgment. We are unanimously of the opinion that this record presents such evidence and that it is ample to sustain the decree of divorce. **Mollencamp v. Mollencamp, 18 Abs 90, 17 O. Jur. (2d) 724, Section 65.**

On the question of corroboration, the record shows that the plaintiff presented five witnesses whose testimony in one way or another was corroborative of plaintiff's testimony, and in addition, that the defendant himself corroborated plaintiff's testimony when he admitted to have been drunk "half a dozen times," and conceded that his wife was an honest woman and that her testimony was merely not "100% the truth." We consequently overrule assignments of error 3 and 4.

The record discloses verbal clashes between the trial judge and counsel for the defendant of an acrimonious character. It seems that defendant's counsel was displeased with the trial judge's insistence that the trial be conducted on Saturday afternoon prior to Labor Day. Under §5.30 R. C., Saturday afternoon is designated a legal holiday by the legislature of Ohio. The legislature, however, has not passed any laws prohibiting court proceedings on legal holidays. The weight of authority is that court action on a holiday is not invalid unless made so by legislative enactment. Whether court shall or shall not be held on holidays in Ohio, consequently, is within the sound discretion of the trial judge. **State of Ohio v. Thomas, 61 Oh St 444, 56 N. E. 276; Norman v. State of Ohio, 109 Oh St 213, 142 N. E. 234; 39 O. Jur. 581, Section 13; 38 O. Jur. 379, Section 47.**

Defendant also complains that the trial judge insisted "that the case be tried only on Saturday, mornings and afternoons." It is regrettable that this case was tried on three separate Saturdays—one full day and two half days. Trials, if possible, should be conducted in continuous sequence from day to day. However, such matters, under the law, are distinctly within the sound discretion of the judge presiding, and unless the record discloses that the party complaining was prejudiced thereby, a reviewing court will not disturb the judgment. **Brace, Admr. v. Hoffman Co., 29 O. L. R. 205, 208.** The trial judge in this case took voluminous notes during the progress of the trial and delivered an oral opinion summing up his findings at the conclusion of the trial. He

then later, upon request, filed conclusions of facts and law in writing. We can find no prejudice accruing to the defendant from this record by reason of the manner in which this case was tried, and therefore conclude that the charges in that regard are not well-founded.

The defendant further charges the trial judge with harassing defendant and defendant's counsel, interrupting and insisting upon continuances despite objections, and of examining "defendant's witnesses in a belligerent, biased and argumentative manner." The record fails to support these charges and we overrule them as being wholly without merit.

The record does show that counsel for the defendant on occasion was sternly admonished by the trial judge. Much of this we believe was invited through counsel's obvious display of displeasure at the rulings made. It is not the function of a reviewing court to pass upon an interchange of acrimonious remarks between counsel and the judge unless the record affirmatively shows that the party complaining had been prejudiced thereby. Our sole concern in this situation, therefore, is to determine whether this defendant had been given a fair trial. This the record shows. The defendant was permitted to present twelve witnesses to testify in his behalf, and the trial judge exhibited a genuine zeal to determine the truth of the facts in issue and to render a fair and impartial decision.

Counsel for the defendant made the following remark to the trial judge during the trial of the case:

"I would like to take the Court's statement against mine under oath with lie detectors as to what was said, your Honor."

We regard this to be a highly improper statement by an officer of the court during the trial of a case.

A lawyer has the right to present his client's case fully and forcefully but never to the point of creating a personal issue between himself and the judge. He must at all times be respectful to the court even when its rulings are displeasing. He has the right to speak and remonstrate when he believes the court unfair or wrong in its rulings but he, as an officer of the court, should **never** return criticism with criticism nor **ever** cast reflections upon the integrity of the court. Syllabus 3 in the case of **Washington Township Mutual Fire and Ins. Assn. v. Sherrer, 32 Oh Ap 465, 168 N. E. 234**, reads:

"Conduct of counsel during trial is subject to the direction of trial judge, and his discretion will not be controlled by reviewing court unless abused to prejudice of one of the parties to action."

See also, 6 O. Jur. (2d) 31, Section 5.

The second amended petition under the heading "Gross Neglect of Duty" avers:

"That the defendant habitually spent his money on intoxicating liquors."

The trial court nevertheless permitted evidence to be introduced over the objection of the defendant on the matter of his drunkenness. It is manifest that such evidence in the consideration of a divorce case is material and relevant. When not pled, however, it should not be admissible unless the petition be amended to include such averment.

The court at the very outset of the trial permitted this evidence to be introduced. The defendant, upon learning of the same, should have pressed for a continuance of the cause, if he was taken by surprise and was not prepared to meet such complaint. This he did not do. The fact, further remains that the case was passed for a week on two separate occasions, which gave the appellant an opportunity to prepare to meet such charge. Under these circumstances, we can see no prejudice to him with respect to this matter.

Defendant also complains that matters occurring after the filing of the petition were permitted in evidence by the trial court over objection. The law is well-established in this state that a trial court is given greater liberality in the admission of evidence in a divorce case than in the ordinary civil action. We do not believe that the matters permitted in evidence had any real bearing on the finding made by the trial judge. In the case of **Piatt v. Piatt, 10 Abs 390, 391,** the court stated:

". . . greater liberality should be extended to the admission of testimony in divorce cases than in litigation generally."

Also, see Pettigrew v. Pettigrew, 128 N. E. (2d) 841, headnote 5; 17 O. Jur. (2d) 722, Section 64.

Judgment affirmed. Exceptions. Order see journal.

SKEEL, PJ, HURD, J, concur.