SWEENY, Admr., Plaintiff, v. PALUS et, Defendants.

Probate Court, Cuyahoga County.

No. 582239.

*Mr. Joseph L. Sweeny,* for plaintiff.
*Mr. Franklin A. Polk* and *Messrs. Berger & Wilkinson,* for defendants.

MERRICK, P. J.   This is an action to determine heirs and revolves around the import of a deed given during coverture by decedent's pre-deceased husband who received the interest by descent from his first wife.   This involves the application of Section 2105.10, Revised Code, the so-called "half and half" statute.   If the real estate came to decedent by gift and not by purchase, one-half must pass back to the heirs of the pre-deceased husband.

The answer to the question depends on the effect of the following language in the deed: "* * * for the consideration of Ten Dollars ($10.00) received * * *."

The only probative testimony was that of the attorney who drew the deed at the instance of both grantor and grantee and also acted as a witness and as notary at the execution of same. Specific objections were made to each question put to such attorney by counsel on the ground that the relationship of attorney and client made all knowledge and activity of the attorney privileged under the provisions of Section 2317.02, Revised Code, the so-called "privilege" statute.

For the reasons set forth later in this opinion, it will not be necessary to pass upon this question as it is affected by the "privilege" statute.

If an attorney acts as a witness to an instrument, particularly where such witnessing is required by statute to render validity to the instrument, the "privilege" statute does not apply and he may be called to testify and may be examined and cross-examined as to the facts and circumstances, properly the subject of such examination. The cases seem to be unanimous that acting as a witness to the signature and act of the person, executing the paper writing, constitutes an act or acts outside of the otherwise privileged relationship and thus an exception to the application of the statute. *Collins* v. *Collins*, 110 Ohio St., 105; *Knepper* v. *Knepper*, 103 Ohio St., 529; *Baird* v. *Detrick*, 8 Ohio App., 198; *Raymond* v. *Hearon*, 30 Ohio App., 184; *Nicholl* v. *Bergner*, 76 Ohio App., 245.

Generally speaking, a transfer of property or funds from husband to wife, in the absence of any indication to the contrary, is presumed to be a gift, and this is true as to a conveyance of real property from husband to wife. 28 Ohio Jurisprudence 2nd, 215. However, Ohio courts have held that any valuable consideration, such as one dollar, makes the deed one of purchase and not one of gift. *Brown* v. *Whaley*, 58 Ohio St., 654; *Cowden* v. *Cowden*, 7 OCC (N. S.), 277; *Sullivan* v. *Corrigan*, 6 ONP (N. S.), 606; *Patterson* v. *Lamson*, 45 Ohio St., 77.

Where a deed contains recitals of a valuable consideration received from the grantee, such language is conclusive so far as the manner of descent is concerned and no parol or other evidence may be received in explanation or contradiction thereof. It must be presumed to be a transfer by purchase. *Gardner* v. *Kern*, 115 Ohio St., 575. The consideration paid for a con-

veyance of real estate determines its course of descent, and the recital in the deed of the payment of the consideration is "operative words" within the meaning and intent of the law for the purpose of determining the course of descent and is conclusive. *Shehy* v. *Cunningham*, 81 Ohio St., 289.

In determining whether an instrument is a deed of gift or a deed of purchase, its recital of the payment and receipt of the consideration is material; and a recital in such deed that the conveyance by the grantor to the grantee is made in consideration of a specified sum of money, so far concerns the operation and effect of the deed as that it is not competent to show, by parol proof, that such instrument is, in fact, a deed of gift. *Thiesser* v. *Moore*, 105 Ohio St., 401; *Groves* v. *Groves*, 65 Ohio St., 442; *Patterson* v. *Lamson, supra; Robbins* v. *Cray*, 20 Ohio Law Abs., 531; *Bank* v. *Allen*, 65 Ohio Law Abs., 27.

These cases are authority also for the well-known rule that the character of the consideration as expressed in the deed may not be challenged by parol evidence so as to change the line of descent. While for some purposes the consideration named in a deed may be open to explanation by parol proof, this class of evidence is incompetent, where the effect of such proof is to vary the operative words of the deed, or, as in this case, change the line of descent.

A case almost identical in fact with the instant one was decided by the then Circuit Court of Cuyahoga County, February 16, 1903, and is cited as *Ossman* v. *Schmitz*, 4 Ohio Circuit Court Reports (new series) 502. The syllabus, of import here, reads as follows:

"Title comes by purchase and not by gift where the consideration expressed in the deed is a valuable one, and the line of descent cannot be changed by showing by parol that the deed was in fact a gift."

A journal may be presented finding that the property in question is not subject to the "half and half" statute and descends in the estate to the heirs of the decedent.