POWELL, Plaintiff-Appellant, v. NEW YORK CENTRAL RAILROAD CORP., Defendant-Appellee.

Ohio Appeals, Fifth District, Stark County.

No. 2885. Decided April 30, 1960.

Mr. *Winford V. Weiford*, for plaintiff-appellant.
Mr. *Henry W. Kattman* and Mr. *Glenn W. Vogelgesang*, for defendant-appellee.

*Per Curiam.* This action set forth in the plaintiff's petition was one for injuries allegedly occasioned by the defendant on November 11, 1955. November 11, 1957, was on a week day and was a Legal Holiday under Ohio law. The petition was filed and service had on the defendant on November 12, 1957. The defendant demurred to the petition "for the reason that it appeared on its face that the action was not brought within the time limited for the commencement of such actions." The demurrer was sustained and this law appeal results.

The issue as stated by the appellant is, "If the statute of limitations tolls on Veterans Day, November 11, 1957, a week day, and if the Common Pleas Court and Clerk's Office is closed on said day, does the statute of limitations extend to the following day, if the following day be not Sunday?"

Section 1.14, Revised Code, provides:

"The time within which an act is required by law to be done shall be computed by excluding the first and including the last day; except that the last day shall be excluded if it falls on Sunday."

It is a legislative matter not contravening any Constitutional limitations to enact statutes of limitation and also to

prescribe how the time is to be computed. This it has done and since the exclusion is limited to Sunday and does not include holidays, it would be judicial legislation for a Court to so prescribe.

The same proposition was considered in the case of *Leibrock* v. *Briggs*, 99 Ohio App., 452. The syllabi in that case are as follows:

"1. An action is commenced on the date the summons, which is afterwards served, is issued.

"2. Time shall be computed by excluding the first day and including the last, and, under Section 1.14, Revised Code, the only extender granted is when the last day falls on Sunday.

"3. In computing such time, holidays are not to be considered as Sunday."

We find ourselves in agreement with the above case. However, appellant argues that the Court abused its discretion in closing the Court and the Clerk's office on the Legal Holiday and thus deprived him of his right to file an action on that date. Whether or not it was the Court or the County Commissioners whose duty it is to say whether a Courthouse is to be open on a holiday is arguable. It is not unlawful to hold Court on a Legal Holiday, or even on Sunday, if the necessity therefor arises, and this Court so held several years ago in a case arising in Delaware County.

However, that fact can not give the appellant any comfort. There is no provision that Courts must be open on Sundays or holidays, constitutional or legislative. Holidays are created for the purpose of not demanding work on those days and excusing the lack thereof. It is common knowledge that Courts do not function on Holidays and the plaintiff was bound thereby. If there was any constitutional or legislative provision requiring Courts to be open on holidays, appellant's position would be affirmed.

The judgment is affirmed.

PUTNAM, P. J., McLAUGHLIN and McCLINTOCK, JJ., concur.