DECISION AND JUDGMENT ENTRY JUDGMENT ENTRY
{¶ 1} Kevin E. Thacker appeals the judgment of the Lawrence County Court of Common Pleas denying his motion to withdraw his guilty plea, filed more than five years after he entered his plea. Thacker now argues that the trial court lacked subject matter jurisdiction at the time he entered his guilty plea because the record contains no Crim.R. 3 complaint charging him with the crimes for which he pled guilty. Because we find that the record does contain an indictment stating the essential facts constituting the offenses charged, we find that the trial court had the requisite jurisdiction to accept Thacker's guilty plea and sentence him. Accordingly, we overrule Thacker's sole assignment of error and affirm the judgment of the trial court.
 I. {¶ 2} The State filed two separate complaints in the Lawrence County Municipal Court, charging Thacker with: (1) aggravated arson in violation of R.C. 2909.02, a first degree felony, and, (2) felonious assault in violation of R.C. 2903.11, a second degree felony. Thereafter, the Municipal Court found probable cause that Thacker committed the charged offenses and ordered the cases bound over to the Lawrence County Grand Jury.
 {¶ 3} The grand jury returned a four count indictment against Thacker, charging him with: (1) kidnapping in violation of R.C.2905.01(A)(3), a first degree felony; (2) aggravated arson in violation of R.C. 2909.02(A)(2), a second degree felony; (3) aggravated burglary in violation of R.C. 2911.11(A)(1), a first degree felony; and, (4) intimidation in violation of R.C.2921.04(B), a third degree felony. Additionally, each of the four charges carried a firearm specification.
 {¶ 4} At his arraignment, Thacker entered a plea of not guilty to all of the charges against him. He later amended his plea to include a plea of not guilty by reason of insanity, and the trial court ordered a psychiatric evaluation. After receiving the psychiatric report, the trial court ordered the report sealed, and set the matter for trial.
 {¶ 5} Thacker entered a guilty plea to counts three and four of the indictment (aggravated burglary and intimidation). The State nollied counts one and two of the indictment as well as the firearm specifications in counts three and four. The trial court then sentenced Thacker to seven years in a penal institution on count three of the indictment, and to five years in a penal institution on count four of the indictment. The trial court further ordered that Thacker serve both sentences concurrently, pay restitution to his victim, and pay all costs of the action.
 {¶ 6} Thacker filed two separate motions for judicial release, which the trial court denied. Thacker subsequently filed a motion requesting triple counting of certain time he spent in the Lawrence County Jail before entering his guilty plea, which the trial court also denied. Thacker appealed. We dismissed his appeal as untimely filed in State v. Thacker, Lawrence App. No. 02CA35, 2002-Ohio-7443, appeal not allowed, 98 Ohio St.3d 1565,2003-Ohio-2242.
 {¶ 7} Thereafter, Thacker filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1, claiming that he did not enter his plea knowingly and intelligently. The trial court denied Thacker's motion. Thacker appeals, raising the following assignment of error: "THE TRIAL COURT WAS TOTALLY WITHOUT STATUTORY SUBJECT-MATTER JURISDICTION IN THE MATTER OF STATE V. THACKER AS A MATTER OF STATE LAW. IN VIOLATION OF R.C. § 2931.02, O. CONST. ART. IV § 4(B) AND THE FOURTH AND FOURTEENTH AMENDMENT (sic) TO THE U.S. CONSTITUTION."
 II. {¶ 8} Thacker does not argue that the trial court abused its discretion in denying his motion to withdraw his guilty plea. Instead, he argues that the trial court never had subject matter jurisdiction to accept his guilty plea and sentence him. Thacker specifically argues that the prosecution failed to properly invoke the jurisdiction of the trial court by filing a Crim.R. 3 complaint.
 {¶ 9} Initially, we note that objections based upon lack of subject matter jurisdiction may be raised at any stage of the proceedings, In re Byard (1996), 74 Ohio St.3d 294, 296, and may even be raised for the first time on appeal. Jenkins v.Keller (1966), 6 Ohio St.2d 122, paragraph five of the syllabus. See, also, In re Burton S. (1999), 136 Ohio App.3d 386, 391. We review the determination of subject matter jurisdiction de novo, without any deference to the trial court. McClure v. McClure
(1997), 119 Ohio App.3d 76, 79, citing Burns v. Daily (1996),114 Ohio App.3d 693, 702.
 {¶ 10} Section 10, Article I of the Ohio Constitution guarantees every defendant the right to know the "nature and cause of the accusation against him." The primary purpose of a charging instrument in a criminal prosecution is to inform the defendant of the nature of the offense with which he is charged.State v. Lindway (1936), 131 Ohio St. 166, 182, cert. den.299 U.S. 506; Holt v. State (1923), 107 Ohio St. 307, 311; Statev. Villagomez (1974), 44 Ohio App.2d 209, 211. Therefore, the law of Ohio has consistently held that an indictment, affidavit, or complaint must set forth all the essential elements of the crime charged or it is invalid. State v. Burgun (1976),49 Ohio App.2d 112, 116.
 {¶ 11} Thacker is correct in his assertion that in order for his conviction and sentence to be valid, the complaint upon which the trial court convicted him must also be valid. "The filing of a valid complaint is a necessary prerequisite to a court's acquiring jurisdiction." Columbus v. Jackson (1952),93 Ohio App. 516, 518. Here, the State originally filed two separate complaints in the Lawrence County Municipal Court, charging Thacker with aggravated arson and felonious assault. The municipal court found probable cause that Thacker had committed the charged offenses, and ordered those cases bound over to the grand jury.
 {¶ 12} However, as the Ohio Supreme Court has previously noted, "[a]n accused in a felony case is not tried upon the affidavit filed against him but on the indictment by the grand jury." Foston v. Maxwell (1964), 177 Ohio St. 74, 76. The grand jury has the discretion to review the evidence presented to it and determine which offenses to charge. "The fact that the grand jury determines that an accused shall be charged with a felony other than that made against him in the affidavit [or complaint] originally filed and upon which he is bound over to the grand jury has no effect on the validity of the indictment returned by the grand jury." Id., citing Clinger v. Maxwell (1964),175 Ohio St. 540. See, also, State v. Klingenberger (1925),113 Ohio St. 418, 426 (Noting that grand juries have plenary and inquisitorial powers and may lawfully, upon their own motion, originate charges against offenders.). Furthermore, even if Thacker alleged that the original complaints contained defects, such defects would be irrelevant and harmless to Thacker's convictions based upon the grand jury indictment. See State v.Martin, Lawrence App. No. 01CA24, 2002-Ohio-6140, at ¶ 24.
 {¶ 13} Here, we perceive no defect in the indictment charging Thacker with aggravated burglary and intimidation. Accordingly, we find that the trial court had jurisdiction to accept Thacker's guilty plea, convict, and sentence him based upon the grand jury's indictment. Accordingly, we overrule Thacker's sole assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
It is ordered that the JUDGMENT BE AFFIRMED and that costs herein be taxed to the appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.