OPINION AND JOURNAL ENTRY
{¶ 1} On March 21, 2005, we affirmed the trial court's judgment in the above-captioned matter in an opinion styled State v. Christian, 7th Dist. No. 02 CA 170, 2005-Ohio-1440.
 {¶ 2} On March 2, 2005, Appellant, Alan J. Christian, filed a pro se motion entitled Motion for Judgment for Failure to Prosecute and Want of Jurisdiction. In this motion, Appellant claimed that both this Court and the Mahoning County Court of Common Pleas failed to acquire jurisdiction over this matter. He claimed that neither the trial court nor this Court could maintain subject matter jurisdiction over this cause since the charging instrument was defective.
 {¶ 3} On March 29, 2005, this Court denied Appellant's March 2, 2005, motion.
 {¶ 4} Thereafter, on April 6, 2005, Appellant filed a motion to certify a conflict. Appellant claims in his motion that this Court's March 29, 2005, Journal Entry is in conflict with decisions rendered in other State of Ohio courts of appeal.
 {¶ 5} Appellee, the State of Ohio, has not filed a response. App.R. 25(B).
 {¶ 6} App.R. 25(A) requires a party filing a motion to certify a conflict to, "specify the issue proposed for certification and * * * cite the judgment or judgments alleged to be in conflict with the judgment of the court in which the motion is filed."
 {¶ 7} Thereafter, a court of appeals must certify a conflict if its judgment conflicts with a judgment pronounced upon the same question by any other court of appeals of the state. Ohio Constitution, Article IV, Section 3(B)(4); Whitelock v. Gilbane Bldg. Co. (1993), 66 Ohio St.3d 594,613 N.E.2d 1032, paragraph one of the syllabus.
 {¶ 8} Appellant raises one issue where he believes our decision conflicts with other courts of appeal since this Court did not specifically address his jurisdictional claims. His asserted conflict is founded on his claim that this Court and the trial court lacked jurisdiction to reach the merits of his case because the affidavit filed after his warrantless arrest and/or the complaint charging him violated Crim.R. 3.
 {¶ 9} Appellant asserts that a conflict exists with the decisions rendered in Davis v. State Personnel Bd. of Review (1984),20 Ohio App.3d 150, 485 N.E.2d 250, and State v. Bretz (1993), 11th Dist. No. 92-P-008. These cases do hold, in part, that a court may address issues concerning a court's alleged lack of jurisdiction even after the matter has been submitted for consideration on its merits.Davis, supra, at 151; Bretz, supra, at 1. However, these cases do not hold that a court must address jurisdictional issues.
 {¶ 10} Notwithstanding the fact that Appellant attempted to raise jurisdictional questions prior to the issuance of our decision, Appellant's asserted conflict is meritless. This Court and the trial court did not lack jurisdiction in the instant matter for the following reasons.
 {¶ 11} Sergeant Michael Yoder executed an affidavit after Appellant's warrantless arrest. His affidavit was witnessed by a notary public, and it enumerated the specific offenses and sections of the Ohio Revised Code under which Appellant was being charged. (Jan. 18, 2002, Warrantless Arrest Affidavit for Probable Cause Determination.) On that same date, Sergeant Yoder executed a complaint charging Appellant with a violation of R.C. § 2903.11(A)(2). This complaint was sworn before a deputy clerk. (Jan. 18, 2002, Complaint.)
 {¶ 12} Thereafter, Appellant was indicted by the Mahoning County Grand Jury for felonious assault in violation of R.C. § 2903.11(A)(2)(D), a first degree felony, with a firearm specification under R.C. § 2941.145(A). (Feb. 21, 2002, Indictment.)
 {¶ 13} Appellant alleges that this Court and the trial court lacked jurisdiction over his case because the notary public witnessing the complaint allegedly "impersonated" Chief Ray Heverly's oath and/or signature. Appellant presents no evidence in support of this claim.
 {¶ 14} Further, and regardless of the claimed defects in the complaint and/or affidavit, Appellant was subsequently indicted by the grand jury. It has been repeatedly held in Ohio that, "[a]n accused in a felony case is not tried upon the affidavit filed against him but on the indictment by the grand jury." State v. Thacker, 4th Dist. No. 04CA5, 2004-Ohio-3978, ¶ 12, citing Foston v. Maxwell (1964), 177 Ohio St. 74, 76, 202 N.E.2d 425, 29 O.O.2d 194. Any alleged defects in the original charging complaint are consequently irrelevant to convictions based on the grand jury indictment. Thacker, supra, citing State v. Martin, 4th Dist. No. 01CA24, 2002-Ohio-6140, at ¶ 24; State v. Jenkins, 4th Dist. No. 02CA5, 2003-Ohio-1058, ¶ 24.
 {¶ 15} Appellant does not allege any defect in the indictment in the instant cause nor do we perceive any defect in the indictment charging Appellant with felonious assault and the accompanying firearm specification. Accordingly, we hold that the trial court had jurisdiction to try, convict, and sentence Appellant.
 {¶ 16} Thus, Appellant's motion to certify a conflict lacks merit and is hereby overruled.
Waite, J., concurs.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.