[Cite as *State v. Turner*, 2011-Ohio-4348.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO.  1-11-01

    v.

DAVID L. TURNER,                      O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR20100276

Judgment Affirmed

Date of Decision:  August 29, 2011

APPEARANCES:

    *David L. Turner,* Appellant

    *Jana E. Emerick*  for Appellee

**ROGERS, P.J.**

{¶1} Defendant-Appellant, David Turner, appeals from the judgment of the Court of Common Pleas of Allen County sentencing him to a twenty-year prison term. On appeal, Turner contends that his statutory right to a speedy trial was violated; that holding his jury trial on November 2, 2010, a legal holiday, rendered the trial null and void; and, that the criminal complaint was not properly endorsed with a state seal or attested to by a notary. Based on the following, we affirm the judgment of the trial court.

{¶2} On June 4, 2009, Officer John Butler filed a criminal complaint in the Lima Municipal Court against Turner for an armed robbery of a local convenience store that occurred on June 3, 2009. (Docket Entry No. 1). On June 4, 2010, Officer W.S. Patterson received an arrest warrant for Turner. (Docket Entry No. 2). Turner was arrested by Officer Patterson on August 6, 2010. Id.

{¶3} In September 2010, the Allen County Grand Jury indicted Turner on Count One: aggravated robbery in violation of R.C. 2911.01(A)(1), with a firearm specification as listed in R.C. 2941.145(A), and with a specification that he is a repeat offender, as defined in R.C. 2929.01(CC) and as listed in R.C. 2941.149(A), a felony of the first degree; Count Two: abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree; and, Count Three: having a weapon

while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree.

{¶4} On November 1, 2010, Turner filed a motion to dismiss the indictment based on his statutory right to a speedy trial. Turner maintained that he was arrested on August 3, 2010. Turner argued that the scheduled trial date of November 2, 2010 fell outside the two hundred seventy day period provided in R.C. 2945.71(C)(2), and that pursuant to R.C. 2945.73(B) he should be discharged. That same day, the trial court filed its judgment entry denying Turner's motion to dismiss on three alternate grounds. First, the trial court found that Turner was arrested on August 6, 2010, a fact which placed the November 2, 2010 trial date within the two hundred seventy day period provided in R.C. 2945.71(C)(2). Second, the trial court found that had Turner been arrested on August 3, 2010, the November 2, 2010 trial date still fell within the two hundred seventy day period provided in R.C. 2945.71(C)(2). Last, the trial court found that even if the November 2, 2010 trial date fell outside the two hundred seventy day period provided in R.C. 2945.71(C)(2), the statutory time period had been extended by virtue of Turner's requests for discovery and a bill of particulars as well as his motion for a bifurcated trial.

{¶5} On November 2, 2010, the matter proceeded to a jury trial. The jury returned verdicts of guilty on all counts in the indictment.

**{¶6}** On December 13, 2010, the matter proceeded to sentencing. The trial court sentenced Turner to a ten-year prison term on Count One, a five-year prison term on Count Two, and a five-year prison term on Count Three. The trial court ordered Counts One, Two, and Three to be served consecutively for a total prison term of twenty years. The trial court further ordered Turner to pay $2,500.00 in restitution to Christopher Nutt, the victim of the armed robbery.

**{¶7}** It is from this judgment Turner appeals, presenting the following assignments of error for our review.

### *Assignment of Error No. I*

**THE TRIAL COURT ERROD (sic) IN DENYING THE DEFENDANT-APPELLANT'S DAVID L. TURNER'S MOTION TO DISMISS ON GROUNDS THAT HIS STATUTORY RIGHT TO A SPEEDY TRIAL WAS VIOLATED PURSUANR (sic) TO R.C. §2945.71 ET SEQ.**

### *Assignment of Error No. II*

**DEFENDANT-APPELLANT WAS DENIED A "FAIR TRIAL" SIXTH U.S.C.A. FIFTH U.S.C.A. "DUE PROCESS" AND FOURTEENTH "EQUAL PROTECTION OF LAW" U.S.C.A. AND ALL COMPARABLE OHIO CONSTITUTIONAL RIGHTS, AS TRIAL WAS HELD ON 2ND NOVEMBER 2010, GENERAL ELECTION WHICH IS A LEGAL HOLIDAY, SAID TRIAL IS THEN NULL AND VOID.[1]**

### *Assignment of Error No. III*

**A FALSE "FAKE" ARREST WARRENT (sic) AND COMPLAINT MANUFACTURED BY: DEPUTY JOHN**

---

[1] It is this Author's practice to reproduce appellant's assignments of error verbatim, regardless of misspellings, grammatical mistakes, misstatements of the law, or incoherency.

**BUTLER A,C.S.O. (sic) THAT IS NOT INDORCED (sic) WITH A STATE SEAL OR ATTESTED TO BY NOTARY.**

*Assignment of Error No. I*

{¶8} In his first assignment of error, Turner contends that his statutory right to a speedy trial was violated, as he was brought to trial beyond the two hundred seventy day period provided in R.C. 2945.71(C)(2). We disagree.

{¶9} "Our standard of review upon an appeal raising a speedy trial issue is to count the expired days as directed by R.C. 2945.71, et seq." *State v. King,* 3d Dist. No. 9-06-18, 2007-Ohio-335, ¶30, citing *State v. DePue* (1994), 96 Ohio App .3d 513, 516. If any ambiguity exists, this Court will construe the record in the defendant's favor. *King,* 2007-Ohio-335, at ¶30, citing *State v. Mays* (1996), 108 Ohio App.3d 598, 609.

{¶10} "Both the United States and Ohio Constitutions guarantee a criminal defendant the right to a speedy trial." *State v. Masters,* 172 Ohio App.3d 666, 2007-Ohio-4229, ¶9, citing *State v. Baker,* 78 Ohio St.3d 108, 110, 1997-Ohio-229. In addition, Ohio statutes set forth specific time requirements necessary for compliance with the speedy trial guarantee. The applicable statutory speedy trial provision, R.C. 2945.71(C)(2), provides that "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest."

{¶11} Additionally, R.C. 2945.73(B) provides that "[u]pon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." Both R.C. 2945.71 and 2945.73 are mandatory, and strict compliance is required by the State. *King,* 2007-Ohio-335, at ¶32, quoting *State v. Pudlock* (1975), 44 Ohio St.2d 104, 105. "Therefore, when a criminal defendant shows that he was not brought to trial within the proper period, the burden shifts to the State to demonstrate that sufficient time was tolled or extended under the statute." *State v. Maisch,* 173 Ohio App.3d 724, 2007-Ohio-6230, ¶24, citing *Masters,* 2007-Ohio-4229, at ¶10, citing *State v. Butcher* (1986), 27 Ohio St.3d 28, 31.

{¶12} "The statutory time period begins to run on the date the defendant is arrested; however, the date of arrest is not counted when computing the time period." *Maisch,* 2007-Ohio-6230, at ¶26, citing *Masters,* 172 Ohio App.3d 666, at ¶12, citing *State v. Stewart,* 12th Dist. No. CA98-03-021, 1998 WL 640909. Additionally, the triple-count statute, R.C. 2945.71(E), provides that, for computation purposes, each day an accused spends in jail in lieu of bond solely on the pending charge shall count as three days. *State v. Euton,* 3d Dist. No. 2-06-35, 2007-Ohio-6704, ¶24; *State v. Pishok,* 3d Dist. No. 13-03-43, 2003-Ohio-7118, ¶7, citing *State v. Brown* (1992), 64 Ohio St.3d 476, 479.

{¶13} Turner was indicted on three felony counts. Therefore, the State was required to bring him to trial within two hundred seventy days of his arrest. R.C. 2945.71(C)(2). Review of the record reveals that Turner was arrested on August 6, 2010, not August 3, 2010 as Turner contends. (Docket Entry No. 2). Turner's trial was held on November 2, 2010. During the time between his arrest and trial Turner was held in jail in lieu of bond, thus the triple-count provision applies. R.C. 2945.71(E) Calculating the number of days between August 7, 2010 and November 2, 2010, we find that only two hundred sixty four (264) days of the statutory speedy trial period had elapsed. Accordingly, we find that Turner's statutory right to a speedy trial was not violated.

{¶14} Accordingly, we overrule Turner's first assignment of error.

*Assignment of Error No. II*

{¶15} In his second assignment of error, Turner contends that his trial was null and void as it was held during the November 2, 2010 general election. Specifically, Turner contends that November 2, 2010 was a legal holiday, and that any court business, including his trial, conducted on that day was null and void. We disagree.

{¶16} Both the United States and Ohio governments statutorily recognize particular days as legal holidays. The United States and Ohio governments jointly recognize the following as legal holidays: New Year's Day, the first day of

January; Martin Luther King, Jr.'s Birthday, the third Monday in January; President's Day, the third Monday in February; Memorial Day, the last Monday in May; Independence Day, the fourth day of July; Labor Day, the first Monday in September; Columbus Day, the second Monday in October; Veterans Day, the eleventh day of November; Thanksgiving Day, the fourth Thursday of November; and, Christmas Day, the twenty-fifth day of December. 5 U.S.C. § 6103; R.C. 1.14. In addition, Ohio recognizes the first Tuesday of November, between the hours of twelve noon and five-thirty, as a legal holiday. R.C. 5.20. Despite half of the first Tuesday of November being a legal holiday in the State of Ohio, we find no law requiring public agencies, including courts, to cease operations during that time, nor has Turner cited any authority demonstrating such a requirement. See *Norman v. State* (1924), 109 Ohio St. 213, 227 (absent a statutory provision prohibiting court on legal holidays a judicial proceeding on such a day is not void); *Powell v. New York Cent. RR. Corp.* (1960), 174 N.E.2d 556, 557 (finding that it is not unlawful to hold court on a legal holiday). Rather, we find that it is within a court's discretion to conduct its business on a legal holiday, which consequently includes the afternoon of the first Tuesday of November. *Dursa v. Dursa* (1958), 150 N.E.2d 306, 308, citing *State v. Thomas* (1900), 61 Ohio St. 444, and *Norman*, 109 Ohio St. 213. In considering whether the trial court abused its discretion in holding court during a legal holiday we look to the regularity of the court's proceedings.

{¶17} The trial court did not abuse its discretion by holding Turner's trial on November 2, 2010, which happened to be the first Tuesday of November. The trial commenced at 8:47 a.m. on November 2, 2010, and finished at 4:38 p.m. See Trial Tr., pp. 1, 202. Thus, the trial continued well into the period of time designated as a legal holiday pursuant to R.C. 5.20. Nevertheless, it was within the trial court's discretion to hold trial on November 2, 2010. Upon review of the record, particularly the trial proceedings, there is nothing to suggest that the trial proceeded in an inappropriate or irregular manner. Turner cites the docket and the fact that there were no entries made on November 2, 2010, the date of the trial. Turner focuses on the entries dated November 3, 2010, to wit: the verdict, calling jury fee, jury expenses, and the judgment entry of conviction, arguing that the timing of the entries demonstrates that the court was closed on November 2, 2010. We find this to be pure unsubstantiated speculation. In the absence of any evidence suggesting irregularity in the proceedings below, we must presume their regularity. *State v. Rappach*, 11th Dist. No. 3361, 1984 WL 7378, citing *Scovanner v. Toelke* (1928), 119 Ohio St. 256, at syllabus. Because Turner has failed to demonstrate any irregularity in his trial, we find that the trial court did not abuse its discretion in holding trial on November 2, 2010.

{¶18} Accordingly, we overrule Turner's second assignment of error.

*Assignment of Error No. III*

{¶19} In his third assignment of error, Turner contends that the June 4, 2009 complaint was not endorsed with a state seal or attested to by a notary, thus depriving the trial court of jurisdiction. We disagree.

{¶20} The filing of a valid complaint is a necessary prerequisite to a court's acquisition of jurisdiction. *State v. Mdobji*, ___ Ohio St.3d ___, 2011-Ohio-2880, ¶12; *State v. Thacker,* 4th Dist. No. 04CA5, 2004-Ohio-3978, ¶11, citing *Columbus v. Jackson* (1952), 93 Ohio App. 516, 518. Particularly, the failure to present a properly sworn complaint is a defect that deprives a court of subject matter jurisdiction and cannot be waived by a defendant. *State v. Green* (1988), 48 Ohio App.3d 121; *State v. Miller* (1988), 47 Ohio App.3d 113. In *Green,* the charging officer signed the complaint, but did not sign the jurat. The Eleventh District Court of Appeals held that an unsworn complaint "is void and any conviction resulting therefrom would be void also." *Green*, 48 Ohio App.3d at 122; *Village of New Albany v. Dalton* (1995), 104 Ohio App.3d 307, 311.

{¶21} In the present case, however, Turner was not convicted or prosecuted upon the allegedly defective complaint presented to the Lima Municipal Court. Rather, Turner was tried upon the indictment. (Docket Entry No. 3). Where the accused is initially charged via a complaint, but is subsequently indicted by the grand jury, the accused is tried upon the indictment not the complaint. *State v. Christian*, 7th Dist. No. 02 CA 170, 2005-Ohio-2381, ¶14, citing *Thacker,* 2004-Ohio-3978, at ¶12, citing *Foston v. Maxwell* (1964), 177 Ohio St. 74, 76.

Consequently, any alleged defects with the June 4, 2009 complaint are irrelevant and harmless to Turner's convictions, as he was tried and convicted on the indictment. See *Thacker,* supra, citing *State v. Martin,* 4th Dist. No. 01CA24, 2002-Ohio-6140, ¶24; *State v. Jenkins,* 4th Dist. No. 02CA5, 2003-Ohio-1058, ¶24. Furthermore, the indictment filed in Turner's case gave the trial court subject matter jurisdiction over the case. See *State v. Leigh*, 2d Dist. No. 18294, 2001-Ohio-1700, *2.

{¶22} Accordingly, we overrule Turner's third assignment of error.

{¶23} Having found no error prejudicial to Turner herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**