[Cite as *Bank of New York Mellon v. Ackerman*, 2012-Ohio-956.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON | : | |
| | : | Appellate Case No. 24390 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 09-CV-3194 |
| v. | : | |
| | : | |
| GREGORY ACKERMAN, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellants | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on the 9th day of March, 2012.

· · · · · · · · · · ·

SCOTT A. KING, Atty. Reg. #0037582, and TERRY W. POSEY, JR., Atty. Reg. #0039666, Austin Landing I, 10050 Innovation Drive, Suite 400, Dayton, Ohio 45342
and
ASHLEY ROTHFUSS, Atty. Reg. #0083605, and KIMBERLEE ROHR, Atty. Reg. #0084207, 120 East Fourth Street, 8th Floor, Cincinnati, Ohio 45202
     Attorneys for Plaintiff-Appellee, The Bank of New York Mellon

GREGORY ACKERMAN, et al., 556 Shadowlawn Avenue, Dayton, Ohio 45419
     Defendant-Appellants, *pro se*

GEORGE B. PATRICOFF, Atty. Reg. #0024506, Montgomery County Prosecutor's Office, Civil Division, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Defendant-Appellee, Montgomery County Treasurer

· · · · · · · · · · · · ·

HALL, J.

{¶ 1}   Pro se defendant-appellants Gregory and Joyce Ackerman appeal from a trial court's judgment entering summary judgment for plaintiff-appellee The Bank of New York Mellon on its claim in foreclosure. Finding no error, we affirm.

{¶ 2}   In 1995 the Ackermans obtained a $91,000 mortgage to buy their Dayton home. The next year, according to the Ackermans' brief, Joyce became disabled with a range of medical problems. While the Ackermans had purchased a long-term disability insurance policy, the policy apparently does not provide the coverage they thought it did. Eventually, Gregory had to quit working to care for Joyce, and financial hardship for the family followed.[1]

{¶ 3}   In April 2009, the bank filed a foreclosure action.[2] But in October of that year the bank asked the trial court to stay the case, saying that it and the Ackermans were working on a loan-modification plan. The court agreed, administratively dismissing the case but allowing it to be reactivated on the bank's motion. In May 2010, the bank moved to reactivate the case, saying that efforts to work out a plan had failed. In August 2010, the bank moved for summary judgment. The Ackermans' opposition to summary judgment asked the court to stay

---

[1] In 2000 the Ackermans filed an action against the insurance company in common-pleas court. That case, *Ackerman v. Fortis Benefits Ins. Co.*, was soon removed to federal district court. From the documents in the record, it appears that the Ackermans did not prevail on their claims. In 2008 they filed a document in the case with the original trial court. The court struck the document, saying that, since the case had been removed to federal court, no action was pending, so it had no jurisdiction. The Ackermans appealed to this Court, and we agreed with the trial court. Because the trial court lacked jurisdiction, we lacked jurisdiction, and we dismissed the appeal. The Ackermans then appealed to the Ohio Supreme Court. That Court declined to hear their appeal.

The Ackermans refer to the disability case frequently in their brief. One of their requests for relief appears to be that we intervene in their appeal before the Ohio Supreme Court, though in what way is not clear. Regardless, we do not have jurisdiction to grant relief in that case. Nor is that case relevant to the present one.

[2] Although the Ackermans did not obtain the mortgage from The Bank of New York Mellon, the bank came to hold their mortgage. Documents attached to the affidavit supporting the bank's summary-judgment motion show how this came to be.

the case, saying that they and the bank were working on a plan.

{¶ 4} On November 11, 2010, the trial court entered summary judgment for the bank, concluding that no genuine issue of material fact exists. The court found that all the necessary parties had been properly served and were properly before it. The court also found that the allegations in the bank's complaint were true. In particular, it found that the bank holds the promissory note and mortgage, a valid, first lien on the Ackermans' house. The court further found that the Ackermans breached a condition of the mortgage. According to the bank's affidavit, the Ackermans defaulted on their mortgage when they failed to make a payment in October 2008, so the bank elected to accelerate their payments, making the entire balance owing due. The court found that the Ackermans owed the bank $74,507.87 with interest from September 1, 2008. Finally, the court found that the bank was entitled to foreclose on the mortgage.

{¶ 5} The Ackermans appealed. They now present three assignments of error for our review.

**First Assignment of Error**

{¶ 6} The Ackermans allege that by filing the foreclosure action the bank engaged in frivolous conduct under R.C. 2323.51. The Ackermans assert that, at the time, they and the bank were engaged in loan-modification discussions. This issue is not properly before us.

{¶ 7} Under R.C. 2323.51, a party may seek an award of court costs, attorney's fees, and other expenses incurred in connection with a frivolous claim, R.C. 2323.51(B)(1), which "is a claim that is not supported by facts in which the complainant has a good-faith belief, and which is not grounded in any legitimate theory of law or argument for future modification of

the law." *Jones v. Billingham*, 105 Ohio App.3d 8, 12, 663 N.E.2d 657 (2d Dist.1995). The Ackermans never raised this frivolous-claim issue in the trial court. Nor did they ever seek an award for the expenses they incurred in connection with the bank's claim. Therefore the Ackermans have forfeited their claim under the frivolous-conduct statute.

{¶ 8} Even if the issue were properly before us, we would likely find no error. That modification discussions were ongoing did not bar the bank from seeking foreclosure. The Ohio Supreme Court said in one foreclosure case that "[the lender]'s decision to enforce the written agreements cannot be considered an act of bad faith." *Ed Schory & Sons, Inc. v. Soc. Natl. Bank*, 75 Ohio St.3d 433, 443, 662 N.E.2d 1074, 1996-Ohio-194. The Court then quoted the Seventh Circuit Court of Appeals: "'firms that have negotiated contracts are entitled to enforce them to the letter, even to the great discomfort of their trading partners, without being mulcted for lack of "good faith."'" *Id*., quoting *Kham & Nate's Shoes No. 2, Inc. v. First Bank of Whiting*, 908 F.2d 1351, 1357 (7th Cir.1990). "Indeed," said the Court, "[the lender] had every right to seek judgment on the various obligations owed to it by [the borrower] and to foreclose on its security." *Id*. In a recent Tenth District foreclosure case, *U.S. Bank Natl. Assn. v. Mobile Assoc. Natl. Network Sys., Inc.*, 195 Ohio App.3d 699, 2011-Ohio-5284, 961 N.E.2d 715, (10th Dist.), before the bank filed a foreclosure action it and the borrowers had agreed in a letter to negotiate about the borrowers' obligations. The borrowers asserted that the letter agreement was a binding contract that modified the loan to require the parties to negotiate. They contended that the bank failed to negotiate, breaching the modified loan. Until the bank negotiated, argued the borrowers, it should be estopped from foreclosing. The Tenth District rejected this argument for several reasons. Pertinent among them, the court said that the bank

had the right to initiate foreclosure proceedings. The court found that a provision in the loan documents provided that "the bank was entitled to immediately initiate foreclosure proceedings in the event of default." *U.S. Bank* at ¶ 31. "The bank's decision to pursue its contractual remedies," said the court, "cannot be considered to be an act of bad faith." *Id.*, citing *Ed Schory* at 443. Also, in a Fifth District foreclosure case, *Key Bank Natl. Assoc. v. Bolin*, 5th Dist. Stark No. 2010 CA 00285, 2011-Ohio-4532, the trial court granted summary judgment for the lender on its foreclosure complaint. The borrower argued that the trial court erred and abused its discretion by doing so because the lender acted in bad faith and misrepresented to the borrower that she could participate in a loan modification program. The appellate court rejected this argument. It found that no provision in the mortgage document "prevent[ed] the lender from insisting on the strict performance of the mortgage obligations." *Key Bank* at ¶ 37. And the court found that no provision required the bank to allow the borrower to participate in loan modification.

{¶ 9} Here too, as the bank pointed out in its summary-judgment motion, no provision of the mortgage (or note) requires the bank to participate in loan-modification negotiations or requires it to wait until negotiations it chose to participate in are finished before exercising its right to foreclose. Rather, a mortgage provision gives the bank the right, on the Ackermans' breach, to pursue full payment and foreclosure without first satisfying any conditions.[3] Specifically, paragraph 21 of the mortgage provides that if the Ackermans do not timely cure any breach, the bank has the right to "require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this

---

[3]The only condition precedent is proper notice. The Ackermans do not claim that the bank failed to give them proper notice.

Security Instrument by judicial proceeding."

{¶ 10}   The first assignment of error is overruled.

**Second Assignment of Error**

{¶ 11}   The Ackermans allege that the trial court erred by entering the foreclosure judgment on November 11, Veterans' Day. They contend that this day is a "legal holiday" under R.C. 1.14 and a day when courts are closed. We find no error.

{¶ 12}   R.C. 1.14 provides that "the time within which an act is required by law to be done shall be computed by excluding the first and including the last day; except that, when the last day falls on Sunday or a legal holiday, the act may be done on the next succeeding day that is not Sunday or a legal holiday." This section also provides that "when a public office in which an act, required by law, is to be performed is closed to the public for the entire day that constitutes the last day for doing the act or before its usual closing time on that day, the act may be performed on the next succeeding day that is not a Sunday or a legal holiday as defined in this section." Included in this section's definition of "legal holiday" is November 11, Veterans' Day. R.C. 1.14(H). But filing a judgment is not an act for which the law sets a time for performance. Furthermore, as the bank points out, Local Rule 1.37 of the Montgomery County Court of Common Pleas allows not only litigants but also courts to electronically file documents "twenty-four (24) hours a day, seven (7) days a week." Mont. Co. C. P. R. 1.37(IX)(A). The rule makes no exception for holidays.

{¶ 13}   The Ohio Supreme Court has said that, "in the absence of a statute containing a mandatory provision forbidding the judges of courts to hear and determine matters on a legal

holiday, a judicial proceeding upon such day is not void." *Norman v. State*, 109 Ohio St. 213, 227, 142 N.E. 234 (1924). In a Third District case, *State v. Turner*, 3d Dist. Allen No. 1-11-01, 2011-Ohio-4348, the defendant argued that his trial was void because part of it was held during the afternoon of election day, which is a legal holiday in Ohio, *see* R.C. 5.20. The defendant contended that any court business conducted during that time was void. The Third District disagreed. It said that "despite half of the first Tuesday of November being a legal holiday in the State of Ohio, we find no law requiring public agencies, including courts, to cease operations during that time." *Turner* at ¶ 16, citing *Norman* at 227, and *Powell v. New York Cent. RR. Corp.*, 86 Ohio Law Abs. 286, 174 N.E.2d 556 (5th Dist.1960) (finding that it is not unlawful to hold court on a legal holiday). "Rather," continued the court, "we find that it is within a court's discretion to conduct its business on a legal holiday, which consequently includes the afternoon of the first Tuesday of November." *Id*., citing *Dursa v. Dursa*, 78 Ohio Law Abs. 498, 150 N.E.2d 306, 308 (1958), citing *State v. Thomas*, 61 Ohio St. 444, 56 N.E. 276 (1900), and *Norman*. In Ohio, Veterans' Day is the eleventh of November and is a legal holiday. R.C. 5.21. Even so, like the Third District, we conclude that it was within the trial court's discretion to conduct business on that day, which included entering the appealed judgment.

{¶ 14} The question becomes, then, whether by entering the judgment in this case the trial court abused its discretion. The Third District, in considering whether the trial court abused its discretion in holding court during a legal holiday, looked to the regularity of the court's proceedings, finding no abuse of discretion: "Upon review of the record, particularly the trial proceedings, there is nothing to suggest that the trial proceeded in an inappropriate or

irregular manner." *Turner* at ¶ 17. Likewise, we find no abuse of discretion in this case. Nothing appears irregular about the judgment entry. Each electronically filed document receives an electronic stamp that includes the date and time it was filed. Mont. Co. C. P. R. 1.37(IX)(B). A judge signs an electronic document "via a digitalized image of his or her signature combined with a digital signature." Mont. Co. C. P. R. 1.37(VIII)(D)(4). The foreclosure judgment here was electronically signed by the judge and bears an electronic stamp. We observe too that notice of the judgment's entry was sent to the Ackermans on November 18 (according to the trial court's docket) and the Ackermans timely appealed it on December 13. The Ackermans do not claim that they were harmed by the court's action. And nothing in the record suggests that they were.

{¶ 15}   The second assignment of error is overruled.

**Third Assignment of Error**

{¶ 16}   Lastly, the Ackermans allege that the trial court erred by ordering foreclosure. They contend that on June 16, 2010, they signed and notarized a loan-modification agreement with the bank and they have been "willing and able to pay each month" under its terms. The agreement they submitted may not properly be considered.

{¶ 17}   "Civ.R. 56 defines the standard to be applied when determining whether a summary judgment should be granted. Civ.R. 56(C) mandates the entry of summary judgment if the evidence, properly submitted, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶ 11. Civ.R. 56(C) provides that the only types of evidence that may be considered are pleadings, depositions, answers to

interrogatories, written admissions, affidavits, transcripts of evidence, and any written stipulations of fact. The rule is clear: "No evidence or stipulation may be considered except as stated in this rule." Civ.R. 56(C). "Other types of documents may be introduced as evidentiary material only through incorporation by reference in a properly framed affidavit." *Mitchell v. Internatl. Flavors & Fragrances, Inc.*, 179 Ohio App.3d 365, 2008-Ohio-3697, 902 N.E.2d 37, ¶ 17 (1st Dist.). The loan-modification agreement here is not one of the types of evidence listed in the rule. And the Ackermans did not submit an affidavit in support of the document.

{¶ 18} "Civ.R. 56(E) states that when a motion for summary judgment is properly made and supported, the nonmoving party may not rest upon the mere allegations or denials of the pleadings. Instead, the burden shifts to the nonmoving party, and the nonmoving party's response must set forth specific facts showing that there is a genuine issue for trial." *Todd* at ¶ 11. The response may be "by affidavit or as otherwise provided in th[e] rule." Civ.R. 56(E). "If the nonmoving party does not so respond, summary judgment, if appropriate, may be entered against the nonmoving party." *Todd* at ¶ 11, citing Civ.R. 56(E).

{¶ 19} The bank submitted an affidavit from the vice president of loan documentation for the bank's servicing agent containing all the averments necessary to support the bank's motion, including that the Ackermans are in default under the terms of the note and mortgage. The Ackermans' response fails to present any Civ.R. 56 evidence showing that a genuine issue of material fact exists. The Ackermans might have met their Civ.R. 56(E) burden on the default issue if they had contested the averments in the bank's affidavit with an affidavit of their own incorporating the loan-modification agreement. But the Ackermans did not do so. Summary judgment is appropriate, and the trial court properly entered it.

**{¶ 20}** The third assignment of error is overruled.

**{¶ 21}** Finally, we respond briefly to what appears to be the Ackermans' fundamental desire in this case. In their reply brief, the Ackermans wrote:

> The Appellant herein simply seeks the legal standard of a "trial by jury," and respectfully demand the legal compliance to the rule(s) of Ohio law and United States law, upon a "jury demand" made in a court of law. A fundamental and functional protection of all citizens of their "inalienable rights" and "inviolate" right to a trial by jury on all genuine legal issues of material facts for a jury to decide in civil and criminal actions.

The Ackermans do not have a right to trial by jury in this case because the trial court properly granted summary judgment in favor of the plaintiff. *See State Farm Mut. Auto. Ins. Co. v. Advanced Impounding & Recovery Servs.*, 165 Ohio App.3d 718, 2006-Ohio-760, 848 N.E.2d 534, ¶ 19 (10th Dist.) (saying that a trial court's grant of summary judgment does not violate the constitutional right to a jury trial under Ohio's constitution); *Goodin v. Columbia Gas of Ohio, Inc.*, 141 Ohio App.3d 207, 231, 750 N.E.2d 1122 (4th Dist.2000) (finding no merit in the appellant's argument that summary judgment violated his right to trial by jury, noting that "the Rules of Civil Procedure expressly authorize the summary judgment procedure, and the Ohio Supreme Court consistently has sanctioned the procedure").

**{¶ 22}** All of the assignments of error presented are overruled. The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Mathias H. Heck
George Patricoff
Scott A. King
Terry W. Posey, Jr.
Ashley Rothfuss
Kimberlee Rohr
Gregory Ackerman
Joyce Ackerman
Hon. Dennis J. Langer